UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 AUG 20  P 2: 33

Johnny Lee Gore, FCDC # 3037797,  )   C/A No. 2:07-2624-HMH-RSC
(BOP # 12801-050),                )
                                  )
              Plaintiff,          )
                                  )   Report and Recommendation
vs.                               )
                                  )
Rose Mary Parham,                 )
Assistant U.S. Attorney,          )
                                  )
              Respondent.         )

## Background of this Case

The *pro se* plaintiff is a federal inmate, who is currently housed at the Florence County Detention Center. Defendant Rose Mary Parham is the Assistant United States Attorney who prosecuted the plaintiff's criminal case.

In Criminal No. 4:01-0627-9, the plaintiff was charged with one count of conspiracy to distribute narcotics having two prior felony drug convictions. The superseding indictment in Criminal No. 4:01-0627-9 was issued on November 5, 2001. On May 6, 2002, jury selection was held before the Honorable C. Weston Houck, United States District Judge. A jury trial commenced before Judge Houck on May 28, 2002. The jury commenced deliberations on June 5, 2002, at 10:00 a.m. and rendered a verdict at 12:38 p.m. The jury was polled at 12:40 p.m. The jury found the plaintiff guilty to Count 1 of the superseding indictment.

Sentencing was held before Judge Houck on October 30, 2002. At that time, the plaintiff's counsel moved in open court for a downward

1

departure. That motion was denied. At the sentencing hearing, Judge Houck also granted the plaintiff's motion to relieve court appointed counsel, and allowed the plaintiff to proceed *pro se* for sentencing. The plaintiff was sentenced to three hundred sixty months (360) months in prison.

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the plaintiff's conviction and sentence. *United States v. Gore*, Nos. 02-4566, 02-4908 and 03-4084, 2004 WL 1381708 (4th Cir., June 22, 2004)(unpublished), *certiorari granted, Gore v. U.S.* 543 U.S. 1181 (No. 04-7986, February 28, 2005), *rehearing denied, Gore v. U.S.* 544 U.S. 994 (No.04-7986, April 18, 2005), on remand *see U.S. v. Gore*, Nos. 02-4566 and 02-4908, 2006 WL 2385269, *3, (4th Cir. August 18, 2006) (360 month sentence for Johnny Gore, enhanced based on prior convictions, did not violate Sixth Amendment).

In the case at bar (Civil Action No. 2:07-2624-HMH-RSC), the plaintiff alleges that the actions of the defendant in his criminal case violated his constitutional rights. Specifically, the plaintiff alleges the defendant submitted false information to the grand jury to obtain an indictment and also submitted false information at plaintiff's trial in what plaintiff calls an "unsuccessful effort" to convict him of the offense of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. He seeks damages.

## Discussion

Under established local procedure in this judicial district, a

2

careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[*] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can

---

[*]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The undersigned is treating this case as a *Bivens* action. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites, inter alia, Carlson v. Green*, 446 U.S. 14, 18 (1980)(restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994);

4

*Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D.Ala. 2001)(noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

Since the plaintiff is challenging his conviction in Criminal No. 4:01-0627-9, this case is subject to summary dismissal because a right of action has not yet accrued. See *Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. See also *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curiam*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert.*

5

denied, *Candela v. Woods*, 516 U.S. 808 (1995). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

*Heck v. Humphrey* is applicable in civil suits against federal officials and entities. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Best v. Kelly*, 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C.Cir. 1994); *Williams v. Hill*, 878 F. Supp. 269 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339 (D.C.Cir. 1996); and *Zolicoffer v. FBI*, 884 F. Supp. 173 (M.D.Pa. 1995).

Additionally, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice*. *See Denton v. Hernandez, supra*;

6

*Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Additionally, since the defendant is immune from suit and the plaintiff seeks monetary damages from the defendant, and because the plaintiff has raised this issue before against this same defendant in Civil Action No. 2:05-91, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "*strike*" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Charleston, South Carolina

*August 20, 2007*
(Date)

Robert S. Carr
United States Magistrate Judge

**_The plaintiff's attention is directed to the notice on the next page._**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8